**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| VITO MANENTE,<br><br>             Plaintiff,<br><br>      v.<br><br>UNION CITY, UNION CITY POLICE DEPARTMENT, OFFICER M. MATTURA, *individual and official capacity*, OFFICER E. MARURI, *individual and official capacity, et al.*,<br><br>             Defendants. | Civil Action No. 25-11923 (JXN) (CF)<br><br><br>**OPINION** |

**NEALS**, District Judge

Before the Court is Defendants Union City, Union City Police Department, Officer M. Mattura ("Officer Mattura"), and Officer E. Maruri's ("Officer Maruri") (collectively "Defendants") motion to dismiss *pro se* Plaintiff Vito Manente's ("Plaintiff") complaint pursuant to Federal Rule of Civil Procedure[1] 12(b)(6). (ECF No. 15.) Plaintiff opposed the motion (ECF No. 17), and Defendants replied in further support (ECF No. 18). The Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(3), and 1367(a). Venue is proper pursuant to 28 U.S.C. § 1391(b)(2). The Court has carefully considered the parties' submissions and decides this matter without oral argument pursuant to Rule 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendants' motion to dismiss the Complaint (ECF No. 15) is **GRANTED**.

---

[1] "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

## I.      BACKGROUND

### A.      Statement of Facts[2]

This case derives from two separate, yet related incidents concerning Plaintiff's interactions with Union City police in 2018 and 2020. (Compl. ¶¶ 20–23, 25, ECF No. 1.) Plaintiff, a Union City resident, had three dogs. (*Id.* ¶ 18.) Every morning, he walked two of the dogs on a leash, but allowed his elderly Shih Tzu to walk off-leash. (*Id.* ¶¶ 18–19.) Plaintiff alleges that Union City Police Officer Maruri repeatedly stopped him and threatened to issue a summons unless he leashed the Shih Tzu. (*Id.* ¶ 18.) Plaintiff explained that leashing the Shih Tzu together with the other two dogs was "not an option." (*Id.* ¶ 19.)

On June 29, 2018, Officer Maruri again confronted Plaintiff while he was walking his dogs. (*Id.* ¶ 20.) This time, Officer Maruri advised that he intended to issue a summons to Plaintiff for walking his Shih Tzu off-leash. (*Id.*) Plaintiff requested that a supervisor respond to the scene. (*Id.*) After the supervisor arrived, Plaintiff allegedly informed the officers that there was "no cause of action in this matter" and that Union City would be held liable if a summons were issued. (*Id.*) Officer Maruri then issued a summons to Plaintiff ("2018 Summons"), which identified the offense as "Dog On Leash" and cited Ordinance 12-6-6. (*Id.* ¶¶ 20–21.). Plaintiff contends that Ordinance 12-6-6 does not appear in Union City's online code of ordinances and, therefore, that the 2018 Summons was facially invalid and frivolous. (*Id.* ¶ 22.) Plaintiff further asserts that he repeatedly notified the Union City Municipal Court ("Municipal Court") by certified mail about the purported facial defect in the 2018 Summons, but that the evidence he submitted was ignored. (*Id.* ¶ 23.)

---

[2] When reviewing a motion to dismiss, a court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

Plaintiff claims he was issued a bench warrant for non-appearance in connection with the 2018 Summons. (*Id.*)

On January 21, 2020, Union City Police Officer Mattura responded to a call of a domestic dispute between Plaintiff and his wife ("Mrs. Manente"). (*Id.* ¶¶ 8–9.) After the dispute, Officer Mattura arrested Plaintiff on the outstanding bench warrant issued for the 2018 Summons. (*Id.* ¶¶ 10, 23.) Plaintiff alleges that Officer Mattura later filed a "perjure-laden" criminal complaint on February 4, 2020, charging Plaintiff with simple assault for pushing Mrs. Manente to the ground. (*Id.* ¶¶ 11–13, 43). Plaintiff further alleges that Officer Mattura gave false and contradictory testimony in family court, thereby enabling Mrs. Manente to obtain a permanent final restraining order against him. (*Id.* ¶¶ 11–13.)

Plaintiff claims that he appeared in several Municipal Court proceedings concerning the summons, including a hearing held on August 5, 2024, related to Plaintiff's simple assault charge, in which Officer Maruri failed to appear. (*Id.* ¶ 25.) Plaintiff alleges that, at the August 5, 2024 hearing, the municipal court judge[3] dismissed the 2018 Summons and the simple assault charge.[4] (*Id.* ¶¶ 14, 25, 47.)

Based on these events, Plaintiff contends that "Union City Corporation" owes him approximately $25,000 in fees, plus interest. (*Id.* ¶ 26.) Plaintiff alleges that he notified Union City's mayor[5] about the alleged deficiency and submitted six different invoices, but the City refused to pay. (*Id.* ¶ 24.)

---

[3] Honorable Lilia A. Munoz, J.M.C.

[4] In their motion to dismiss, Defendants claim that there is no record of the simple assault charge or its dismissal. (*See* Defs.' Moving Br. 5 n.2, ECF No. 15-1. *But see* Pl.'s Ex. D. at *27, ECF No. 16.)

[5] Honorable Brian P. Stack.

### B.      Procedural History

Plaintiff filed this lawsuit on June 23, 2025. (*See generally id.*) The first four counts of the Complaint, brought pursuant to 42 U.S.C. § 1983, 18 U.S.C. §§ 241–42, and the New Jersey Civil Rights Act, N.J.S.A. 10:6–2, *et seq.* ("NJCRA"), are: false arrest/imprisonment ("Count One"); illegal search and seizure ("Count Two"); municipal liability ("Count Three"); and malicious prosecution ("Count Four"). (*Id.* ¶¶ 27–50.) Count Five alleges intentional infliction of emotional distress ("IIED"), and Count Six is for civil conspiracy. (*Id.* ¶¶ 51–59.) Plaintiff also seeks injunctive relief, actual and punitive damages, pre- and post-judgment fees, attorneys' fees, and costs. (*Id.* at 13.)

On September 12, 2025, Defendants moved to dismiss the Complaint pursuant to Rule 12(b)(6). (Defs.' Moving Br.) Plaintiff opposed (Pl.'s Opp'n), and Defendants replied. (Defs.' Reply, ECF No. 18). This motion is now fully briefed and ripe for the Court to decide.

## II.   <u>LEGAL STANDARD</u>

Rule 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." For a complaint to survive Rule 12(b)(6) dismissal, it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (cleaned up). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his or] her claims." *Id.* at 789.

In deciding a Rule 12(b)(6) motion, the Court first identifies "the elements a plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Then the Court separates the factual and legal components of the complaint. *Fowler*, 578 F.3d at 210–11. The Court "must accept all of the complaint's well-pleaded facts as true" and construes the complaint in the light most favorable to the plaintiff. *Id.* at 210. The Court disregards "legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements." *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016). The Court may also discard "unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Mutarambirwa v. Township of West Orange*, No. 20-6155, 2026 WL 1113853, at *2 (D.N.J. Apr. 24, 2026) (citing *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007)). Finally, the Court considers "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

The Court holds *pro se* complaints to less stringent standards than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But *pro se* litigants "still must allege sufficient facts in their complaints to support a claim," and "abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013).

### III.    DISCUSSION

#### A.    § 1983 Claims (Counts One through Four)[6]

§ 1983 and the NJCRA[7] impose liability against

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . .

Accordingly, to state a cognizable § 1983 claim, a plaintiff must allege (1) the "deprivation of a constitutional right" (2) "caused by a person acting under the color of state law." *Phillips v. County of Allegheny*, 515 F.3d 224, 235 (3d Cir. 2008) (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996)).

A municipality can be held liable under § 1983 if "the alleged constitutional transgression implements or executes a policy, regulation, or decision officially adopted by the governing body or informally adopted by custom." *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). A government policy exists "when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict." *Id.* (alteration in original) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). A course of conduct becomes a custom "when, though not authorized by law, 'such practices of state officials [are] so permanent and well-settled' as to virtually constitute law." *Id.* (alteration in original) (quoting

---

[6] Plaintiff also brings Counts One through Four under 18 U.S.C. §§ 241 and 242. (Compl. ¶¶ 27–50.) 18 U.S.C. §§ 241 and 242 are federal criminal statutes that "provide no private right of action." *Fata v. Sheehan*, No. 24-11030, 2025 WL 3771179, at *2 (D.N.J. Dec. 31, 2025); *Campbell v. Township of North Brunswick*, No. 24-1447, 2024 WL 4274349, at *2 (3d Cir. Sept. 24, 2024) (affirming district court finding 18 U.S.C. § 241 does not provide a private right of action); *Mikhail v. Khan*, 572 F. App'x 68, 73 (3d Cir. 2014) (affirming district court finding 18 U.S.C. § 242 does not create a private right of action). Correspondingly, Counts One through Four are **dismissed *with prejudice*** to the extent they seek relief under criminal statutes. *See Shaikh v. Dep't of Banking & Ins.*, No. 19-14092, 2024 WL 1929966, at *5 (D.N.J. Apr. 30, 2024).

[7] The analysis of § 1983 and NJCRA claims is the same. *See Gormley v. Wood-El*, 218 N.J. 72, 112–13 (2014).

*Andrews*, 895 F.2d at 1480). Custom may also be established "by proof of knowledge and acquiescence." *Groark v. Timek*, 989 F. Supp. 2d 378, 386 (D.N.J. 2013) (citing *Fletcher v. O'Donnell*, 867 F.2d 791, 793 (3d Cir. 1989). But it is not enough for a plaintiff to identify a policy or custom; they must also prove "the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997).

Here, the Court construes Plaintiff's Complaint to allege claims for relief against Officers Maruri and Mattura in their individual and official capacities, and against Union City as the municipal entity that employed these officers.[8] (*See generally* Compl.)

Defendants contend that Plaintiff's § 1983 claims are time-barred by New Jersey's two-year statute of limitations. (Defs.' Mot. to Dismiss 12–13.) In addition, Defendants claim that Plaintiff's IIED claim should be dismissed because he failed to provide sufficient notice under the New Jersey Tort Claims Act ("NJTCA"). (*Id.* 15–17.) Defendants further contend that Plaintiff's claim against Union City should fail because it advances merely conclusory allegations that a specific policy or custom adopted by the municipality violated any constitutional rights. (*Id.* 25–26.) The Court agrees.

### i.      *Plaintiff's Claims Arising From the 2018 Summons and 2020 Arrest are Untimely*

A defendant may raise a statute of limitations defense in a motion to dismiss "if the limitations bar is apparent on the face of the complaint." *Evans. v. Gloucester Township*, 124 F.

---

[8] In § 1983 actions, "police departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity." *Padilla v. Township of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004) (citation omitted). Accordingly, the Court **dismisses with prejudice** the claims against the Union City Police Department.

Supp. 3d 340, 349 (D.N.J. 2015) (citing *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)). The statute of limitations for § 1983 claims is the "limitations period applicable to personal-injury torts in the State in which the cause of action arose." *Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 859–60 (3d Cir. 2014); *see Wallace v. Kato*, 549 U.S. 384, 387 (2007). N.J.S.A. 2A:14–2 imposes a two-year statute of limitations for personal injury claims (including IIED). *See also Langan v. Starbucks Corp.*, No. 23-5056, 2025 WL 1719290, at *6 (D.N.J. June 20, 2025). A § 1983 claim accrues (and the statute of limitations begins to run) when the plaintiff knows or should know of their injury. *Coello v. DiLeo*, 43 F.4th 346, 352 (3d Cir. 2022).

Here, Plaintiff's claims for false arrest and imprisonment (Count One), illegal search and seizure (Count Two), and IIED (Count Five) all arise from the 2018 Summons, subsequent bench warrant, and 2020 arrest. (*See* Compl. ¶¶ 8–26.) Thus, Plaintiff knew or should have known of his injuries when he was arrested in 2020. (*Id.* ¶ 23.) Plaintiff filed this action in 2025, well after the two-year statute of limitations expired.

Because Plaintiff's claims arising from his 2018 Summons and 2020 arrest are untimely, the Court **dismisses *with prejudice*** Counts One, Two, and Five.

### ii.    *The Officers Had Probable Cause to Arrest and Search Plaintiff*

To state a false arrest or imprisonment claim under § 1983, the plaintiff must show (1) they were arrested (2) without probable cause. *See Groman v. Township of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995). The existence of probable cause is "fatal" to a false arrest claim. *Wheeler v. Wheeler*, 639 F. App'x 147, 150 (3d Cir. 2016)

Probable cause to arrest exists if "the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Orsatti v. N.J. State Police*, 71 F.3d

480, 483 (3d Cir. 1995) (citing *United States v. Cruz*, 910 F.2d 1072, 1076 (3d Cir. 1990)). Probable cause is a "fluid concept" requiring courts to apply a "totality-of-the-circumstances approach." *Illinois v. Gates*, 462 U.S. 213, 232–33 (1983). Probable cause for an arrest does not depend on "whether the suspect actually committed any crime, and 'the mere fact that the suspect is later acquitted of the offense for which he is arrested is irrelevant.'" *Johnson v. Campbell*, 332 F.3d 199, 211 (3d Cir. 2003) (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979)).

Here, Plaintiff admits that Officer Mattura arrested him pursuant to a warrant after responding to reports of a domestic dispute. (Compl. ¶¶ 8–9, 23.) Failing to appear for a summons provides "probable cause . . . for a bench warrant." *Johnson v. Provenzano*, 646 F. App'x 279, 281–82 (3d Cir. 2016) (citation omitted). A warrant "is a judicial mandate to an officer to conduct a search or make an arrest, and the officer has a sworn duty to carry out its provisions." *United States v. Leon*, 468 U.S. 897, 920 n.21 (1984) (internal quotation marks omitted). A warrant, therefore, "independently compel[s]" an officer to make an arrest. *Utah v. Strieff*, 579 U.S. 232, 240 (2016). Plaintiff's outstanding warrant not only supplied Officer Mattura with probable cause to arrest Plaintiff; but also *required* Officer Mattura to arrest Plaintiff. Whether Plaintiff could also have been arrested for the domestic dispute is irrelevant. Officer Mattura, accordingly, did not violate Plaintiff's Fourth Amendment rights. *Provenzano*, 646 F. App'x at 281. And so, Plaintiff's false arrest and imprisonment claim fails.

Moreover, because there was a pre-existing warrant for Plaintiff's arrest, the search incident to Plaintiff's arrest did not violate the Fourth Amendment. A lawful arrest establishes the authority to search the arrestee. *United States v. Robinson*, 414 U.S. 218, 235 (1973). Here, Plaintiff's arrest was lawful, so the search of Plaintiff was legal. Accordingly, Plaintiff's illegal search claim similarly fails.

9

Because Defendants had probable cause to arrest, search, and prosecute Plaintiff, Counts One and Two are **dismissed *with prejudice***.

### B.      The Malicious Prosecution Claim (Count Four)

The existence of probable cause also bars Plaintiff's malicious prosecution claim. To state a § 1983 claim for malicious prosecution, a plaintiff must show:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered [a] deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Est. of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003). The touchstone of a malicious prosecution claim is the absence of probable cause. *Lind v. Schmid*, 67 N.J. 255, 262 (1975) ("The essence of the cause of action is lack of probable cause . . ..")

The Court construes the Complaint as raising a § 1983 malicious prosecution claim against Officer Mattura and Union City related to the simple assault charge and family court proceeding. (*See* Compl. ¶¶ 44–50.) Plaintiff alleges that the simple assault charge lacked probable cause (*id.* ¶ 46), and was terminated favorably to Plaintiff because Officer Mattura failed to appear in court. (*Id.* ¶¶ 47–48.) Further, Plaintiff alleges that, on February 13, 2020, Officer Mattura appeared in family court to testify about what he witnessed when responding to the domestic dispute: Plaintiff grabbing Mrs. Manente and pushing her to the floor. (*Id.* ¶¶ 12–13.) Following the hearing, the family court entered a Final Restraining Order against Plaintiff. (*Id.* ¶ 12.) Plaintiff alleges Officer Mattura's testimony was false. (*Id.* ¶¶13, 15.)

### i.      *The Simple Assault Charge*

### a.      **Plaintiff Fails to State a Claim**

Plaintiff fails to state a malicious prosecution claim as to the simple assault charge. First, Plaintiff does not adequately allege that the criminal proceeding on the simple assault charge ended in his favor. Criminal proceedings end in the plaintiff's favor "only when their final disposition is such as to indicate the innocence of the accused." *DiFronzo v. Chiovero*, 406 F. App'x 605, 609 (3d Cir. 2011) (quoting *Donahue v. Gavin*, 280 F.3d 371, 383 (3d Cir. 2002)). Dispositions indicating the innocence of the accused are:

> (a) a discharge by a magistrate at a preliminary hearing, or
> (b) the refusal of a grand jury to indict, or
> (c) the formal abandonment of the proceedings by the public prosecutor, or
> (d) the quashing of an indictment or information, or
> (e) an acquittal, or
> (f) a final order in favor of the accused by a trial or appellate court.

*Donahue*, 280 F.3d at 383 (quoting Restatement (Second) Of Torts § 659 (1976)). Plaintiff expressly alleges that the municipal court judge dismissed the simple assault charge after Officer Mattura did not appear at the August 5, 2024 hearing. That disposition does not indicate Plaintiff's innocence, it reflects only Officer Mattura's failure to appear. Nor does Officer Mattura's failure to appear suggest the State *formally abandoned* the charges against Plaintiff.[9]

Moreover, the only "seizure" Plaintiff alleges is his arrest pursuant to the bench warrant for failure to appear. But the simple assault charge did not cause that "seizure." *Marasco*, 318 F.3d at 521. Officer Mattura had an independent duty to arrest Plaintiff pursuant to the bench warrant. *Strieff*, 579 U.S. at 240. Attending one's trial is not a "seizure" in a § 1983 malicious prosecution action. *See DiBella v. Borough of Beachwood*, 407 F.3d 599, 603 (3d Cir. 2005). Consequently,

---

[9] Even if it did, "not all cases where the prosecutor abandons criminal charges are considered to have terminated favorably." *DiFronzo*, 406 F. App'x at 609. The formal abandonment must itself indicate Plaintiff's innocence. *Id.* As discussed above, this abandonment does not.

Plaintiff fails to show that he suffered a "deprivation of liberty consistent with the concept of *seizure* as a consequence of a legal proceeding." *Marasco*, 318 F.3d at 521 (emphasis added).

Further, Plaintiff's sole allegation about the simple assault charge—that it lacked probable cause—is a bald legal assertion the Court does not credit as true. *Davis*, 824 F.3d at 341; *Mutarambirwa*, 2026 WL 1113853, at *2.

### b.      Officer Mattura Had Qualified Immunity

Even if Plaintiff had demonstrated Officer Mattura lacked probable cause to initiate criminal proceedings for simple assault, Officer Mattura is immune from suit.

A police officer is entitled to immunity from § 1983 liability "unless the plaintiff shows that the officer violated 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Rivera-Guadalupe v. City of Harrisburg*, 124 F.4th 295, 299 (3d Cir. 2024) (quoting *Lozano v. New Jersey*, 9 F.4th 239, 245 (3d Cir. 2021)). Qualified immunity does not apply however, when the facts "taken in the light most favorable to the party claiming injury," show (1) that the officer's conduct violated a constitutional right, and (2) the right was clearly established. *Id.* A right is clearly established if "at the time of the challenged conduct, the contours of [that] right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Id.* (alteration in original) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (cleaned up)). "[E]xisting precedent must have placed the statutory or constitutional question beyond debate." *Id.* at 299–300 (quoting *al-Kidd*, 563 U.S. at 741).

Plaintiff's malicious prosecution claim implicates "the right to be prosecuted only for charges that are each supported by probable cause." *Rivera-Guadalupe*, 124 F.4th at 299. That right became clearly established in 2024, when the Supreme Court held "the presence of probable cause for one charge does not automatically defeat a Fourth Amendment malicious-prosecution

claim alleging the absence of probable cause for another charge." *Chiaverini v. City of Napoleon*, 602 U.S. 556, 561 (2024). But that right was not clearly established when Officer Mattura arrested Plaintiff in 2020. At that time, the "any-crime rule"—i.e., that probable cause for one charge defeats a malicious prosecution claim for a different charge—was mired in a "combination of confusion within our own circuit and the other Courts of Appeals." *Rivera-Guadalupe*, 124 F.4th at 303. "Though *Chiaverini* has now made crystal clear that the any-crime rule does not pertain to malicious prosecution claims, that ambiguity existed in the timeframe relevant here." *Id.*

As a result, when Officer Mattura arrested Plaintiff, "the right to be prosecuted only for charges that are each supported by probable cause" was not clearly established. *Rivera-Guadalupe*, 124 F.4th at 299. It follows that Officer Mattura cannot be held liable for malicious prosecution under § 1983 for the simple assault charge.

### ii.    *The Family Court Proceedings*

Plaintiff's malicious prosecution claim related to the family court proceedings also fails as a matter of law.

First, probable cause existed to initiate family court proceedings. The Court "may conclude that probable cause exists as a matter of law if the evidence, viewed most favorably to Plaintiff, reasonably would not support a contrary factual finding." *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788–89 (3d Cir. 2000). Here, Plaintiff's malicious prosecution allegations against Officer Mattura are at odds with the family court proceedings. A judge presided over the hearing concerning the domestic dispute, listened to Officer Mattura's testimony, and issued a Final Restraining Order against Plaintiff. The record, therefore, directly contradicts Plaintiff's unsupported conclusory allegations about the lack of probable cause. Accordingly, the Court finds

13

Plaintiff fails as a matter of law to establish that Defendants initiated criminal proceedings without probable cause.

Second, to the extent Plaintiff seeks to hold Officer Mattura liable for his testimony in the 2020 restraining order hearing, that claim fails. Witnesses "are absolutely immune from damages liability based on their testimony." *Briscoe v. LaHue*, 460 U.S. 325, 326 (1983). This equally applies to police officers when testifying. *See Williams v. Hepting*, 844 F.2d 138, 142–43 (3d Cir. 1988), *cert. denied,* 488 U.S. 851 (1988).[10] Therefore, Officer Mattura's testimony cannot form the basis for a malicious prosecution claim against him, even if that testimony was false.

Because Plaintiff's malicious prosecution claims fail against Officers Maruri and Mattura, they also fail against Union City. "Absent an underlying constitutional violation by an agent of the municipality, . . . the municipality itself may not be held liable under § 1983." *Mills v. City of Harrisburg*, 350 F. App'x 770, 773 n.2 (3d Cir. 2009) (citation omitted).

In sum, because Plaintiff fails to state a malicious prosecution claim against Officer Mattura, and even if he did, Officer Mattura is immune from liability, Count Four is **dismissed** ***with prejudice.***

### C.    The Municipal Liability Claim

Because Plaintiff's false arrest, illegal search, and malicious prosecution claims fail against Officers Maruri and Mattura, they also fail against Union City. "Absent an underlying constitutional violation by an agent of the municipality, . . . the municipality itself may not be held liable under § 1983." *Mills v. City of Harrisburg*, 350 F. App'x 770, 773 n.2 (3d Cir. 2009) (citation omitted). Therefore, Count Three is **dismissed** ***with prejudice***.

---

[10] Moreover, "[t]he threat of criminal sanctions provides a sufficient deterrent against abuse of the witness privilege of absolute immunity." *Durand Equip. Co. v. Superior Carbon Prods., Inc.*, 248 N.J. Super. 581, 587 (App. Div. 1991).

### D.    Supplemental Jurisdiction over Plaintiff's State Claims

Because the Court has "dismissed all claims over which it has original jurisdiction," 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claim for civil conspiracy, *see Fata*, 2025 WL 3771179, at *4. Therefore, Count Six is **dismissed *without prejudice*** for lack of jurisdiction.

## II.    <u>CONCLUSION</u>

For the foregoing reasons, Defendants' motion to dismiss (ECF No. 15-1) is **GRANTED**. An appropriate Order accompanies this Opinion.

**DATED: 6/30/2026**

_____
**JULIEN XAVIER NEALS**
**United States District Judge**

15